SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

FIRST CHOICE MANAGEMENT SERVICES, INC., and Gary Van Waeyenberghe, Defendants.

Appeal of: Arnstein & Lehr.

No. 03–1250.

United States Court of Appeals, Seventh Circuit.

Submitted May 2, 2003.*

Decided May 28, 2003.

---

* This successive appeal has been submitted to the panel that decided the original appeal. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before EASTERBROOK, RIPPLE, and DIANE P. WOOD, Circuit Judges.

### Order

In 2001 the district court ordered Arnstein & Lehr to turn over to a receiver $150,000 that it had received as a retainer and that the SEC contends represents proceeds of a fraud committed by Arnstein & Lehr's clients, Gary Van Waeyenberghe and First Choice Management Services. We dismissed an appeal as premature, observing that the law firm could appeal from any final decision ordering the receiver to distribute these funds to investors. See *SEC v. Van Waeyenberghe,* 284 F.3d 812 (7th Cir.2002).

Late in 2002 the underlying suit was settled. Van Waeyenberghe and First Choice agreed to disgorge more than $24 million. In an order entered on January 8, 2003, the district court authorized the receiver to marshal and liquidate all available assets and present a plan of distribution. Arnstein & Lehr again appealed. This appeal, too, is premature. The order of January 8, 2003, does not affect Arnstein & Lehr. The $150,000 already is liquid. Before distributing anything to investors, the receiver must present a plan to the district court and all creditors, including Arnstein & Lehr. It is clear from the order of January 8 that creditors will have an opportunity to object and that the district court will resolve any competing claims to the funds before authorizing their distribution.

As we observed the last time around, Arnstein & Lehr is a creditor of the receivership estate. It claims a right to $150,000 and is entitled to be paid in full unless these funds represent the proceeds of fraud and any other requirements for their disgorgement have been satisfied. The district court has not determined whether the funds have a genesis in fraud. (The SEC says that it need not do so, but whether the law firm has waived or forfeited any right to litigate that subject is something for the district court to address in the first instance). The SEC represents that, until the district court has finally adjudicated Arnstein & Lehr's interest in the funds, the receiver will not take any step that would prevent him from re-

turning the $150,000 to the law firm. Arnstein & Lehr is entitled to a such a decision, and we are confident that the district court will provide it.

The appeal is dismissed for want of jurisdiction.